CASE 55—PETITION EQUITY—MARCH 31.

## Hinton vs. Mitchell, &c.

APPEAL FROM BOURBON CIRCUIT COURT.

1. A lien for the purchase money reserved by a vendor in a conveyance to his vendee, is "*a bona fide encumbrance*," within the meaning of the statute regulating sales of encumbered property under execution. (*Sec.* 1, *art.* 15, *chap.* 36, *Rev. Stat.*)

2. The purchaser, under execution of property so encumbered, takes only a lien for his purchase money and interest, which, however, he may convert into a good title, by removing the encumbrance "by suit," before the institution of equitable proceedings by other creditors.

R. T. DAVIS, for appellant, cited 1 *Digest*, 653; *Rev. Stat., ch.* 36, *art.* 15, *sec.* 1.

R. H. HANSON, for appellee, cited 4 *Met.*, 316.

J. A. PRALL on same side.

JUDGE WILLIAMS DELIVERED THE OPINION OF THE COURT:

"When the defendant in an execution shall have owned the legal title in any real estate, or personal estate, and have created a *bona fide* encumbrance thereon, by mortgage, deed of trust, *or otherwise*, before an execution has created a lien on the same, the interest in the defendant in such property may be levied on and sold, subject to such encumbrance." (*Sec.* 1, *art.* 15, *chap.* 36, 1 *Stant. Rev. Stat., p.* 488.) By other provisions of this same section, a lien is secured to the purchaser of such property, with ten per cent. per annum interest, for the purchase price, and that *any other creditor* may, by equitable proceedings, "subject the encumbered property to sale," and, after satisfying prior liens, have his debts satisfied, so far as the property may suffice, provided that such creditor shall institute such proceedings before the purchaser has, "*by suit*," removed the encumbrance.

Burden having purchased a house and lot in Paris from Talbot, received a deed, reserving a lien for the unpaid purchase price. Some execution creditors of Burden, afterwards, had the house and lot levied on and sold, and Hinton purchased; after which other creditors attached the property;

but finding out the exact state of affairs, subsequently filed an amended petition in equity to have the property sold as encumbered property to satisfy all prior liens, and then their demands. This is resisted by Hinton, who claims to be the absolute owner of the house and lot by virtne of his purchase under the said executions. He does not set up that he had removed the vendor's lien "*by suit*" or otherwise, but insists that this statute has no application to this case, because the vendee had not the legal title, and then, by his own act, afterwards encumbered it; but that the lien was created by law, and existed by the act of the vendor in reserving the lien at the time he passed the legal title.

The language of the statute is not as clear as might be desired; still, we think, sufficiently explicit to show that it was the intention of the Legislature that, when, before any execution lien has been created, the defendant shall have owned the legal title to any real estate, upon which he has created any kind of lien, it shall be subject to the execution, but that the purchaser thereunder shall not acquire the absolute title, only a lien for his purchase money and ten per cent. interest thereon, subject to be converted into an absolute title by proper legal proceedings to remove the prior encumbrance.

The vendor's encumbrance is as much the act of the vendee as would be a mortgage or deed of trust executed by him— first, by creating a debt instead of paying the whole purchase price ; second, by receiving a deed with the lien therein reserved, which has the same legal effect as if the vendor were to convey the legal title to the vendee, and immediately take a mortgage from him for the security of the unpaid purchase price.

As was said by this court, in *Forrest vs. Phillips et al.* ( *MS. Opin.*, *July*, 1859), the Revised Statutes have made a radical change in relation to the sale of encumbered property. By the previous statutes, when a defendant in execution held real estate covered by deed of trust, mortgage, or other encumbrance, his interest was made liable to levy and sale, which the purchaser would take subject to the encumbrance, and which encumbrance he might pay off, and thereby perfect his

title.   (1 *Stat. Laws*, 653,)    But under the Revised Statutes he does not take the defendant's interest, which he may mature into a good legal title by paying off the encumbrance.   He only takes a lien for his purchase money and interest thereon, which, however, he may convert into a good legal title by removing the encumbrance " by suit" previous to the institution of equitable proceedings by other creditors.

As there was an existing encumbrance on the property at the emanation of the executions, and before any lien thereby attached, and as Hinton, the purchaser under the executions, had not " by suit" removed the encumbrance before the equitable proceedings by the other creditors were begun to " subject the encumbered property to sale," he did not by his purchase acquire the absolute title, nor could he acquire it by paying off the encumbrance or becoming responsible for the debt which encumbered it only " by suit; " and the court properly so adjudged.

Wherefore, the judgment is affirmed.